UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JULIAN RUEMENAPP, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) ) MERGE TRANSPORTATION, LLC; ) NUVOCARGO INC.; and JAMIE ) CIOE, individually, ) ) Defendants. | C/A: 2:25-cv-12692-RMG<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Julian Ruemenapp (Ruemenapp), on behalf of himself and all others similarly situated, by and through his undersigned attorney, files this Complaint against Defendants Merge Transportation, Inc. (Merge), Nuvocargo, Inc. (Nuvocargo), and Jamie Cioe (Cioe) (collectively Defendants).

## NATURE OF CLAIM

1. This is an action, in part, for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (FLSA). Plaintiff is a former employee of Defendants Merge and Cioe. Defendants failed to pay Plaintiff and similarly situated employees time and half when employees worked over 40 hours in a workweek.

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and similarly situated employees who suffered damages as a result of Defendants' violations of the FLSA.

1

3. Plaintiff has given his written consent to bring this action to collect unpaid wages under the FLSA.

4. Plaintiff also brings this action for violations of the South Carolina Payment of Wages Act § S.C. Code Ann. §41-10-10 *et seq.* (SCPWA).

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Ruemenapp is a citizen and resident of Charleston County, South Carolina.

6. Defendant Merge is a for-profit Limited Liability Company, incorporated in Delaware and maintaining officers and agents and otherwise doing business in Charleston County, South Carolina. Defendant employs people such as Plaintiff and other similarly situated employees to work on its behalf to provide labor for its financial benefit. Defendant is within the personal jurisdiction of this court.

7. Defendant Cioe is a citizen and resident of Charleston County, South Carolina. Upon information and belief, he is the owner and Chief Executive Officer of Merge. Defendant employs people such as Plaintiff and other similarly situated employees to work on his behalf to provide labor for his financial benefit. Defendant is within the personal jurisdiction of this court.

8. Defendant Nuvocargo is a foreign business corporation and for-profit company believed to also be incorporated in Delaware. Upon information and belief, as of July 2025, Nuvocargo has either acquired Merge or is operating under the name of Merge and is otherwise doing business in Charleston County, South

Carolina. Defendant employs people such as Plaintiff and other similarly situated employees to work on its behalf to provide labor for its financial benefit. Defendant is within the personal jurisdiction of this court.

9. Defendants, individually or in part, owned and operated an enterprise engaged in interstate commerce as defined by 29 U.S.C. §203(r).

10. Venue is proper in this District because Defendants have conducted substantial and continuous commercial activities in Charleston County.

11. The court has federal question jurisdiction pursuant to 28 U.S.C. §1331 based upon Plaintiff's claims under the FLSA. 29 U.S.C. §216(b).

12. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. §1367 over Plaintiff's state claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTS

13. Defendants Merge/Nuvocargo provide freight transportation services to customers around the world. Its principal place of business in South Carolina is 1525 Ashley River Road, Suite B, Charleston, South Carolina, 29507.

14. Defendant Cioe owns and operates Merge and, upon information and belief continues to act as the critical decision maker for Merge/Nuvocargo. He exercised the authority to hire and fire employees, determine the work schedules of employees, set the rates of pay of employees, and control the finances and

operations of the business. As such, Defendant Cioe was the employer of Plaintiff as defined by 29 U.S.C. §201 *et seq*.

15. Upon information and belief, certain yet unknown individuals associated with Merge/Nuvocargo may also have the authority to hire and fire employees, determine the work schedules of employees, set the rates of pay of employees, and control the finances and operations of the business. As such, these individuals may be the employer of other similarly situated employees as defined by 29 U.S.C. §201 *et seq*.

16. Plaintiff was employed by Defendants Merge and Cioe from on or about April 2022, through May 2025. Although Defendants Merge and Cioe did not have a specifically identified job title or job description for Plaintiff, and other similarly situated employees, Plaintiff and other similarly situated employees generally referred to themselves as Brokers. During all relevant times, Plaintiff was an employee as defined by the FLSA at 29 U.S.C. §203(e).

17. As a Broker, Plaintiff's primary duties were to arrange freight transportation for existing clients as well as to solicit new clients, mostly by telephone, for Merge and to perform all clerical tasks associated with providing services to the client.

18. When he was hired, Plaintiff was paid an annual salary of $50,000.

19. Plaintiff worked for Defendants Merge and Cioe with the understanding his compensation and pay structure would be in compliance with federal and state wage laws.

20. Plaintiff, and other similarly situated employees were not exempt employees under the FLSA pursuant to their job duties. They did not receive additional compensation for any time worked over the forty-hour workweek.

21. Plaintiff, and similarly situated employees were required to work every weekday from 8:00 a.m. until 6:00 p.m. with no designated lunch break. In fact, they were regularly denied the right to take a meaningful break for lunch.

22. Plaintiff, and other similarly situated employees were also required to work one Saturday per quarter and to be on call one Sunday per quarter.

23. Merge advertises that it provides 24/7 support. As such, Plaintiff, and other similarly situated employees were expected to be available 24/7 to take customer telephone calls. Typically, Plaintiff worked at least an additional two to five hours per week (Monday – Friday) to meet the demands of Defendants Merge and Cioe.

24. Defendants Merge and Cioe were aware of the long hours Plaintiff, and other similarly situated employees, worked and, in fact, encouraged them to work longer hours in order to increase profits for Defendants Merge and Cioe.

25. Defendants Merge and Cioe failed to provide Plaintiff and other similarly situated employees notice in writing of the normal hours and wages agreed upon.

26. Defendants Merge and Cioe failed to provide Plaintiff and other similarly situated employees notice in writing of the deductions that would be made from his pay.

27. Defendants Merge and Cioe failed to give written notice of the time and place of payment of wages to Plaintiff and other similarly situated employees.

28. Early in Plaintiff's employment, Defendants changed his payment structure and promised bonuses based on performance.

29. The promised bonuses were never put in writing.

30. In November of 2022, Plaintiff and similarly situated Defendants were promised bonuses if the company hit certain sales targets.

31. The sales target was hit, and a small bonus was combined with a Christmas bonus around the end of 2022.

32. The bonuses were never paid as promised.

33. At one point, Coie told Plaintiff that commissions would not be offered, but that hard work, including overtime work, would be worth it in the end once the company was sold.

34. By June of 2023, Plaintiff was managing his own accounts. Around this time, Defendant Coie offered him a shift from a salary to a tiered commission payment structure where he would receive a draw applied against earned commissions.

35. Plaintiff was promised a draw of $27,666 gross profit as well as a 4% commission on any profits above that up to $50,000, a 10% commission on any profits between $50,000 - $100,000, and a 15% commission on any profits between $100,000 - $150,000. Upon information and belief, other Brokers were promised similar pay structures.

36. Defendants Merge and Cioe failed to provide Plaintiff written notice of this new payment structure. Upon information and belief, this structure was never put in writing for any similarly situated employees.

37. However, upon information and belief, there were no consistent pay scales for employees. Rather, the pay scales seemed to be determined by how Defendant Cioe felt about each employee rather than any agreed upon bonus structure.

## FOR A FIRST CAUSE OF ACTION
### FLSA – Failure to Pay Overtime Wages
### (Collective Class Claims)

38. Plaintiff realleges and incorporates by reference all preceding allegations as if specifically set forth herein.

39. Plaintiff brings this action as an opt-in Collective Action pursuant to 29 U.S.C. §216(b) on behalf of a class of individuals who were or are employed by Merge/Nuvocargo as a Broker. All were non-exempt employees and worked more than 40 hours per week and were not compensated for overtime worked.

40. At all times, Defendants were an "employer" within the meaning of the FLSA. 29 U.S.C. §203(d).

41. At all times, Defendants were an "enterprise" within the meaning of the FLSA. 29 U.S.C. §203(r).

42. At all times, Plaintiff and other employees of Merge were "employees" within the meaning of the FLSA. 29 U.S.C. §203(e).

43. At all times, Plaintiff and other employees of Merge were "non-exempt" employees under the FLSA.

44. Title 29 U.S.C. §207(a) requires employers to compensate their employees at a rate not less than one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

45. Plaintiff and similarly situated employees worked well in excess of forty (40) hours per week, and Defendants failed to compensate them in accordance with the FLSA's overtime provision.

46. The work and pay records of Plaintiff and other similarly situated employees are in the possession, custody, and control of Defendants, and Defendants are under a duty, pursuant to 29 U.S.C. §211(c) to maintain and preserve such payroll and other employment records so that Defendants' liability can be determined.

47. Defendants violated the FLSA as set forth herein. Defendants conduct, as alleged, constitutes a willful violation of the FLSA as set forth in 29 U.S.C. §255(a).

48. Plaintiff and similarly situated employees are entitled to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs of this action for Defendants' willful violation of the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**Violation of SCPWA**
**(Failure to Provide Writings, Failure to Pay Overtime, Wrongful Retention of Wages)**

49. Plaintiff realleges and incorporates by reference all preceding allegations as if specifically set forth herein.

8

50. Defendants consistently employed more than five employees from 2021 through the current day.

51. Defendants are employers subject to the requirements of the SCPWA and prohibitions set forth in S.C. Code §§41-10-10, *et seq*.

52. Plaintiff was not provided written notice of the normal hours and wages agreed upon, to include his regular salary, his commission structure for wages, and his bonus structure, in violation of S.C. Code §41-10-30.

53. Plaintiff was not provided written notice of the time and place of payment of his wages, to include his regular salary, commissions and bonuses in violation of S.C. Code §41-10-30.

54. Plaintiff was withheld bonuses earned by him in violation of S.C. Code §41-10-40.

55. Plaintiff was denied overtime wages owed to him in violation of S.C. Code §41-10-40.

56. The Defendant knowingly and willfully and in bad faith retained the wages it owed to the Plaintiff for the overtime wages and bonuses earned.

57. In knowingly and willfully retaining the wages it owed to the Plaintiff the Defendant has violated S.C. Code §41-10-40.

58. The Plaintiff has properly brought suit to recover his wrongfully retained wages pursuant to S.C. Code §41-10-80(c).

59. The Plaintiff is entitled to an award of damages in the amount of actual damages (unpaid wages and unpaid bonuses), treble damages (as Defendant's conduct was willful), attorney's fees, and costs of this action.

## **Prayer for Relief**

WHEREFORE, Plaintiff, and all other similarly situated employees and former employees, are entitled to and pray for the following relief:

A.  With respect to the FLSA class:

  1. An Order permitting this case to proceed as a collective action;

  2. Prompt notice, pursuant to 29 U.S.C. §216(b) to all class members that this litigation is pending and that they have the right to "opt-in" to this litigation;

  3. An Order declaring that the Defendants' violated the FLSA;

  4. An Order declaring that the Defendants' violations of the FLSA were willful;

  5. An injunction prohibiting Defendants from engaging in future overtime violations;

  6. An Order granting judgment to Plaintiff and other class members for their claims of unpaid wages as secured by the Fair Labor Standards Act, as well as an equal amount in liquidated damages;

  7. An Order awarding Plaintiffs and represented parties their costs and reasonable attorneys' fees; and

B.  With respect to the SCWPA claims:

1. An Order declaring that the Defendants' violated the SCWPA;

2. An Order declaring that the Defendants' violations were willful and in bad faith;

3. An injunction prohibiting Defendants from engaging in future SCWPA violations;

4. An award of damages;

5. An award of treble damages as the violation of SCPWA was willful and in bad faith;

6. Pre-judgment and post-judgement interest, as provided by law;

7. Reasonable attorney's fees;

8. The costs and expenses for Plaintiff to bring this action;

9. Such other injunctive and equitable relief as the Court may deem just and proper.

SAXTON & STUMP, LLC

By: /s/Rene Stuhr Dukes
    Rene Stuhr Dukes, Esq.
    Bar #10627
    Cody Groeber, Esq.
    Bar #12186
    151 Meeting Street, Suite 400
    Charleston, SC  29401
    (843) 386-4885
    (843) 823-6501
    rdukes@saxtonstump.com

                                                                  cgroeber@saxtonstump.com

                                                                  *Attorneys for Plaintiff*

September 25, 2025  
Charleston, South Carolina