**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Julian Ruemenapp, on behalf of himself and all other similarly situated,<br><br>As to State Law Claims<br>Julian Ruemenapp, et al.,<br><br>Plaintiffs,<br>v.<br><br>Merge Transportation, LLC, et al.,<br><br>Defendants. | Case No. 2:25-12692-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendants' motion to dismiss. (Dkt. Nos. 39). Plaintiff Julian Ruemenapp opposes the motion. (Dkt. No. 40). For the reasons stated below, the Court grants in part and denies in part Defendants' motion.

## I. Background

Plaintiff Ruemenapp brings this action under federal and state law regarding alleged unpaid wages. Plaintiff brings a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et al., as a purported collective action. Plaintiff also brings claims under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 et seq.

Defendants have moved to dismiss the complaint under Fed. R. Civ P. 12(b)(2) and 12(b)(6). (Dkt. Nos. 39, 41). Plaintiff opposes the motion. (Dkt. No. 40).

Defendants' motion is fully briefed and ripe for disposition.

**II. Legal Standards**

Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge. *See Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). And a Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter. *Id.* ("[T]he jurisdictional question thus raised [under Rule 12(b)(2)] is one for the judge"). Indeed, only when a material jurisdictional fact is disputed and that fact overlaps with a fact that needs to be resolved on the merits by a jury might a court defer its legal ruling on personal jurisdiction to let the jury find the overlapping fact. *Cf. Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982) (noting that, "where the jurisdictional facts are intertwined with the facts central to the merits of the dispute," deferring resolution of that factual dispute to a proceeding on the merits "is the better view").

When the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge. *Combs,* 886 F.2d at 676; *see also Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 62 (4th Cir. 1993) (explaining how courts may consider affidavits from any party when applying the *prima facie* standard). When determining whether a plaintiff has made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff. *See Combs,* 886 F.2d at 676; *Mylan Labs.,* 2 F.3d at 60. Ultimately, however, a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence. *Combs,* 886 F.2d at 676 (noting that "the burden [is] on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence"). "And because defendants file Rule 12(b)(2) motions

precisely because they believe that they lack any meaningful contacts with the forum State where the plaintiff has filed suit, the better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

## III. Analysis

First, Defendants contend that Nuvocargo Inc. must be dismissed from this lawsuit for lack of personal jurisdiction. The Court agrees.

In the amended complaint, Plaintiff alleges Defendant Merge Transportation, LLC, was his employer. (Dkt. No. 37 ¶¶6, 35). Nevertheless, Plaintiff also sued Nuvocargo, alleging it "accepted the liabilities of Merge upon its acquisition." (*Id.* ¶ 20). Plaintiff thus seeks to establish specific personal jurisdiction over Nuvocargo under the "mere continuation" doctrine.

In South Carolina, in the absence of a statute, a successor or purchasing company ordinarily is not liable for the debts of a predecessor or selling company unless (1) there was an agreement to assume such debts, (2) the circumstances surrounding the transaction warrants a finding of a

consolidation or merger of the two corporations, (3) the successor company was a mere continuation of the predecessor, or (4) the transaction was entered into fraudulently for the purpose of wrongfully defeating creditors' claims. *Brown v. American Ry. Express Co.,* 123 S.E. 97, 99 (S.C. 1924) (successor corporation which purchased part of predecessor's assets was not liable for lost shipment by predecessor, where successor did not assume liability for such debts and predecessor remained a live and going concern with substantial assets).

Defendants submitted an affidavit from Nuvocargo's Chief Operating Officer, James Keating. (Dkt. No. 39-3). Keating declares that Nuvocargo is a Delaware corporation with its principal place of business in New York, New York. (*Id.* ¶¶ 1-2). Keating affirms that Nuvocargo is not incorporated in South Carolina, does not maintain its principal place of business in South Carolina, and is not registered to do business in South Carolina. (*Id.* ¶ 3). He further affirms that Nuvocargo has no officers, employees, bank accounts, property, or registered agents in the state. (*Id.* ¶ 4); (*Id.* ¶ 5) (Nuvocargo does not own, lease, control, or operate real property in state).

Most pertinent, Keating declares that on April 16, 2025, Nuvocargo "acquired membership interest in Merge Transportation, LLC ('Merge'). The transaction was an equity purchase. Merge has not merged into Nuvocargo and did not cease to exist as a separate legal entity." (*Id.* ¶ 6). "Merge has remained a separate legal entity from Nuvocargo" and "continues to maintain its own books, bank accounts, payroll records, human-resources records, contracts, and tax/employer identification." (*Id.* ¶ 7); (*Id.* ¶ 8) (through today "Merge personnel are employed by Merge, not Nuvocargo").

The law is clear—there is no personal jurisdiction over Nuvocargo. Successor liability applies "when one company has bought the assets of another." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 227 (4th Cir. 2019). That is not the case here. Nuvocargo bought an

equity interest in Merge, and both companies continue to exist separately. The mere continuation doctrine is inapplicable. *See Brown,* 123 S.E. at 99 (exception for situation where prior entity is no longer "a live and going concern" and designed to remedy situations where a company "acquires all of the assets of the other corporation . . . leaving no one to be sued by its creditors and no property to satisfy its debts and other liabilities"); (Dkt. No. 39-3 at 2) ("Merge was not merged into Nuvocargo and did not cease to exist as a separate legal entity."). Plaintiff puts forth no evidence from which to reasonably draw a different conclusion. *See, e.g.*, (Dkt. No. 40 at 31) (attaching Nuvocargo blog post by CEO Deepak Chhugani stating "we've acquired Merge" and that Merge founder Jamie Cieo was "joining Nuvocargo"); (*Id.* at 13) (noting Merge changed its business address, on May 1, 2026—a year after Plaintiff left Merge—to Nuvocargo's address in New York); (Dkt. No. 37 ¶ 25) (Plaintiff worked at Merge from April 2022 to May 2025); (Dkt. No. 40 at 13) (arguing that after Plaintiff left Merge it changed business name, on August 5, 2025, to "Merge Transportation, LLC, DBA Nuvocargo").

For the reasons stated above, the Court grants Nuvocargo's motion to dismiss under Rule 12(b)(2).

The Court proceeds to Defendants' Rule 12(b)(6) arguments and first considers Plaintiff's FLSA claim. An employer violates the FLSA if it fails to pay a covered employee at least one and one-half times his normal rate of pay for hours worked in excess of forty hours during the workweek. 29 U.S.C. § 207(a)(1). Certain types of employees are exempt from the FLSA requirements. § 213(a). One exception exists for administrative employees. An employee qualifies for the administration exception if (1) compensated on a salary or fee (as defined in the regulations) of not less than $684 per week; (2) his primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the

employer's customers; and (3) his primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200.

Plaintiff alleges Merge paid him a yearly salary of $50,000.00. (Dkt. No. 37 ¶ 40). Plaintiff alleges his primary duties were "to arrange freight transportation for existing clients as well as to solicit new clients, mostly by telephone, for Merge and to perform all clerical tasks associated with providing services to the client." (*Id.* ¶ 39). Plaintiff further alleges he was required to work daily from 8:00 a.m. until 6:00 p.m. with no lunch break, that he was required to work one Saturday per quarter and to be on call one Sunday per quarter, and that he was "expected to be available 24/7 to take customer telephone calls." (*Id.* ¶¶ 43-45).

Reading the above facts in a light most favorable to him, the Court finds that Plaintiff has adequately alleged he was a non-exempt employee. *See, e.g.*, (*id.* ¶ 45) (alleging Plaintiff was required to be available 24/7 to take customer telephone calls); § 541.201(c) ("An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or customers (*as tax experts or financial consultants, for example*) may be exempt.") (emphasis added).

Defendants also argue that Plaintiff does not allege willfulness adequately. (Dkt. No. 39-1 at 22-23). On this point the amended complaint alleges that Merge CEO Defendant Jamie Cioe worked in logistics for over a decade, had "previously been involved as a plaintiff in wage litigation," and was "CEO for a different company before start[ing] Merge." (*Id.* ¶ 30). It also

alleges Cioe is "intimately familiar with, and aware of, employment laws in this area including the need to pay employees like the Plaintiff[] for overtime worked." (*Id.*).

"Whether a violation is willful impacts the length of the appropriate limitations period under the FLSA and can impact the computation of unpaid overtime compensation under the FLSA." *Desmond v. PNGI Charles Town Gaming, L.L.C.,* 630 F.3d 351, 357 (4th Cir. 2011). If a plaintiff can show that a defendant's violation of the FLSA was willful, then a three-year statute of limitations will apply to the claim; otherwise, the Act's general two-year statute of limitations will apply. *Id.* In order to establish willfulness, a plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). Mere negligence on the part of the employer with regard to compliance with the FLSA is not sufficient to prove willfulness. *Id.* Under the Federal Rules of Civil Procedure, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The Court finds that Plaintiff has adequately alleged willfulness. Plaintiff alleged Cioe had extensive experience in logistics, had been a plaintiff in wage litigation, a CEO of a different company prior to starting Merge, and as a result of those experiences, "intimately familiar" with employment laws. (Dkt. No. 37 ¶ 30). Reading these allegations in a light most favorable to Plaintiff, the amended complaint plausibly alleges willfulness. *See Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14-CV-01094-PMD, 2014 WL 10102245, at *5 (D.S.C. July 14, 2014) ("Although Plaintiff's allegations could be more explicit, the Court concludes that, if true, the

pleaded facts would establish a willful violation of the FLSA."). So, as to Plaintiff's FLSA claim, the Court denies Defendants' Rule 12(b)(6) motion.

The Court now turns to the SCPWA. SCPWA was designed to "protect employees from the unjustified and willful retention of wages by the employer." *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 105 (4th Cir. 2014) (quoting *Rice v. Multimedia, Inc.*, 456 S.E.2d 381, 383 (S.C. 1995)). SCPWA requires an employer to timely pay all wages due and provides that when an employer discharges an employee it must timely pay him all wages then due. S.C. Code Ann. §§ 41-10-40, 41-10-50. When an employer violates §§ 41-10-40 or 41-10-50, "the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow." S.C. Code Ann. § 41-10-80(C).

As a preliminary matter, with the exception of Plaintiff Ruemenapp, the Court dismisses all state law plaintiffs for want of subject matter jurisdiction.[1] In the complaint, Plaintiff's counsel indicates that it represents only "Plaintiff" Julian Ruemenapp. (Dkt. No. 37 at 14) (signature of attorneys Dukes and Groeber, "Attorneys for Plaintiff"); *see also* (Dkt. No. 40 at 24) (signing response in opposition to Defendant's motion "Attorneys for Plaintiff Julian Ruemenapp, on behalf of himself and all other similarly situated" although Plaintiff does not bring any claim under Fed. R. Civ. P. 23); (Dkt. No. 37 at 11) (indicating causes of action 3 through 10 are individual as to each state law plaintiff). Plaintiff generally has no right to bring claims on behalf of other individuals. *Raines v. Byrd*, 521 U.S. 811, 819, (1997) ("We have consistently stressed that a

[1] "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

plaintiff's complaint must establish that he has a '*personal stake*' in the alleged dispute, and that the alleged injury suffered is *particularized as to him*.") (emphasis added). Accordingly, all state law plaintiffs (except Ruemenapp) are dismissed because Plaintiff lacks standing to represent them or bring their claims.

As to Ruemenapp, the complaint alleges Merge withheld bonuses and overtime wages from him. (Dkt. No. 37 ¶¶ 84-85). It alleges Merge provided neither written notice of normal hours and wages agreed upon nor the time and place of payment of wages. (*Id.* ¶¶ 82-83). Last, Plaintiff alleges he was not paid his prevailing wage, which was higher than the federal minimum wage. (*Id.* ¶ 86).

Merge argues that the FLSA preempts Plaintiff's SCPWA claim for overtime. (Dkt. No. 39-1 at 27). The Court agrees, and grants Merge's motion on this point. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007); *Throckmorton v. Summerville Police Dep't*, No. 2:20-CV-1936-RMG, 2020 WL 3490212, at *4 (D.S.C. June 26, 2020) ("This Court has previously held that to 'the extent that Plaintiff seeks compensation under the [SCPWA] for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage as a result of Defendants' failure to pay him for all hours worked, *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed.' "); *Id.* ("This Court has also held, however, that the SCPWA is not preempted by the FLSA to the extent that a plaintiff seeks redress for acts prohibited only by the SCPWA.").

Last, Defendants argue that Plaintiff fails to state a SCPWA for non-overtime pay because his allegations are too "vague" and lack essential details. (Dkt. No. 39-1 at 29-34). Reading all allegations in a light most favorable to Plaintiff, however, the Court finds Plaintiff states a SCPWA claim. *See, e.g.*, (Dkt. No. 37 ¶¶ 56-57, 61) (alleging in June 2023 Ruemenapp was managing own

accounts, that Coie offered him a shift from a "salary to a tiered commission payment structure," that Plaintiff accepted, that Plaintiff was promised specific draws on particular ranges of profit, but that Merge did not pay Plaintiff any earned bonuses).

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss (Dkt. No. 39). Nuvocargo is dismissed for lack of personal jurisdiction, and all state law claim plaintiffs are dismissed because Plaintiff does not have standing to assert claims on those individuals' behalf. Further, Plaintiff's SCPWA claim is dismissed only to the extent it seeks overtime because the FLSA preempts that aspect of the claim.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 17, 2026
Charleston, South Carolina